Mark E. Merin (State Bar No. 043849)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com

Attorney for Plaintiffs
HOFFMAN BROTHERS HARVESTING, INC., PAUL D. HOFFMAN & SONS, RONALD E. HOFFMAN, and CARL R. HOFFMAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

HOFFMAN BROTHERS HARVESTING, INC., a California Corporation; PAUL D. HOFFMAN & SONS, a partnership; RONALD E. HOFFMAN; and CARL R. HOFFMAN,

Plaintiffs,

vs.

COUNTY OF SAN JOAQUIN; DAVID KWONG, Director, San Joaquin Community Development Department; JUANITA M. HUERTA, Code Enforcement Officer, San Joaquin County Code Enforcement; and DOE 1 to 10,

Defendants.

Case No.

**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

Plaintiffs own a fourteen acre parcel located at 26577 S. Banta Road in Tracy, California, within the County of San Joaquin, which they purchased in 1982, fenced and used as a truck parking yard. They operated a custom harvesting operation and trucking business from the property and installed permitted fuel storage tanks. The property was zoned “M-2 (Heavy Industrial)” and had previously been owned by Standard Oil Company which, from 1905 until 1910 used the property for bunker oil storage tanks, and constructed an open oil storage pit four feet deep about the size of a football field contained only by an earthen berm. Next, the property was used by Kerley Chemical Co. and others for the manufacture and

processing of agricultural chemicals which were distributed from the site.

Despite the Hoffman property having been openly and continuously used since 1982, among other uses, for truck parking, on September 23, 2019, Defendants issued Plaintiffs a "Notice of Violation and Order to Abate" for allegedly operating their business without a land use permit. Defendants also informed Plaintiffs that the property's "M-2 (Heavy Industrial)" zoning had been, without notice to them or opportunity to be heard, down-zoned to "IW (Warehouse Industrial)." Plaintiff's business cannot be operated under "IW (Warehouse Industrial)" zoning, even with over $2,000,000 of site improvements, because the business generates industrial waste prohibited under the "IW (Warehouse Industrial)" zoning. More importantly, the conditions imposed by Defendants on their issuance of a land use permit are so onerous and expensive, only to continue the current use to which the property has been put for at least 40 years, that the property is now utterly worthless.

Defendants' down-zoning of the property violated Plaintiffs' due process rights under the Fourteenth Amendment to the U. S. Constitution; the imposition of a requirement to obtain a land use permit for the pre-existing use of the property, prohibitively expensive to secure, constitutes an illegal "taking" under the Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiffs request both a preliminary and permanent injunction to prevent Defendants' actions and to preserve their business and protect the lives of both the owners of the property and the workers who depend on the business for their livelihood.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of

California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of San Joaquin, California.

## PARTIES

4. Plaintiff HOFFMAN BROTHERS HARVESTING, INC. is a California Corporation doing business throughout Northern California from its headquarters at 26577 S. Banta Road, Tracy, California, within the County of San Joaquin.

5. Plaintiff PAUL D. HOFFMAN & SONS is a California partnership formed to operate a custom dry bean harvesting and sugar beet harvesting business from the subject property;

6. Plaintiffs RONALD E. HOFFMAN and CARL R. HOFFMAN are the sole partners in Paul D. Hoffman & Sons and the sole shareholders in Hoffman Brothers Harvesting, Inc.

7. Defendant COUNTY OF SAN JOAQUIN is a "public entity" within the definition of Cal. Gov. Code § 811.2, and is a political subdivision of the State of California and the County in which the Plaintiffs' property is located.

8. Defendant DAVID KWONG is, at all times material herein was, the Director of the San Joaquin County Community Development Department, acting within the scope of that employment. Defendant DAVID KWONG is sued in his individual capacity.

9. Defendant JUANITA M. HUERTA is, at all times material herein was, a Code Enforcement Officer of the San Joaquin County Code Enforcement. Defendant JUANITA M. HUERTA is sued in her individual capacity.

10. Defendants DOE 1 to 10 are and/or were agents or employees of Defendant COUNTY OF SAN JOAQUIN, the San Joaquin County Community Development Department, and/or the San Joaquin County Code Enforcement, acting within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 10 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

11. Plaintiffs own property at 26577 S. Banta Road, Tracy, California ("the Property"), within the County of San Joaquin, which they purchased in 1982.

12. At the time Plaintiffs purchased the Property, it was zoned "M-2 (Heavy Industrial)" and

had previously been used, successively, as an oil and storage and distribution center for delivering bunker fuel to steam engine fueling locations in the Sacramento Valley, and for the manufacture, processing, and distribution of agricultural chemicals.

13. Upon information and belief, at all times prior to 1982, and thereafter up to and including the filing of this Complaint, trucks were routinely parked on the Property and there were no special land use permits required for the operations conducted openly on the Property.

14. In 1982 and 1983 an 18,000 square foot shop and equipment storage building was constructed and was permitted and inspected by the County. Part of the justification for the large building was for the maintenance and fabrication of trucks and trailers.

15. In 1984 35,000 gallon underground fuel storage tanks were installed, with the necessary construction, with County permits and inspections, of a concrete fuel island area with pumps, meters, plumbing and electrical work for the declared and open use for trucking and truck parking.

16. In 1994 the underground fuel storage tanks were removed, again with the County issuing permits and performing inspections.

17. At all times since Plaintiffs purchased the Property, Defendants have been aware that the Property was used for truck parking. In fact, Defendant County and its agents and employees visited the property repeatedly and, in February, 1994, approved siting of an above-ground 10,000 gallon diesel storage tank specifically for the trucking operation that was apparent on the Property.

18. In 1996, Defendant County issued Plaintiffs a permit to grade the Property and to dig a storm water containment pond in anticipation of constructing a small industrial park which would have focused on trucking and warehousing. Again, Defendant County never mentioned any need for a special use permit for truck parking.

19. On September 23, 2019, Defendants issued a "Notice of Violation and Order to Abate," a true and correct copy of which is attached to this Complaint as "Exhibit A."

20. On October 24, 2019, defendant Huerta informed plaintiffs that, unbeknownst to them, their zoning had been changed from "M-2 (Heavy Industrial)" to "IW (Warehouse Industrial)" and that under the new zoning Plaintiffs needed a special use permit to permit the use for which the Property had been used for over 40 years.

21. According to experts retained by Plaintiffs, it would cost Plaintiffs more than $2,000,000 to make the extensive modifications to the Property which the Defendants now require to entitle them to the special use permit defendants now insist is required.

22. The insistence on the special use permit in order to be entitled to continue their truck parking operations renders the Property totally without any value. Instead, the Property has become a huge liability.

**FIRST CLAIM**

**Unconstitutional Taking**

**(U.S. Const., Amend. V, XIV (42 U.S.C. § 1983); Cal. Const., Art. I, §§ 1, 7(a), 19(a))**

23. This Claim is asserted by Plaintiffs HOFFMAN BROTHERS HARVESTING, INC., PAUL D. HOFFMAN & SONS, RONALD E. HOFFMAN, and CARL R. HOFFMAN against Defendants COUNTY OF SAN JOAQUIN, DAVID KWONG, JUANITA M. HUERTA, and DOE 1 to 10.

24. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 22, to the extent relevant, as if fully set forth in this Claim.

25. Defendants' down-zoning of the Property from "M-2 (Heavy Industrial)" to "IW (Warehouse Industrial)," without notice to Plaintiffs, and which prohibit the use to which the Property has been put for over 40 years (*i.e.*, truck parking), renders it totally worthless and, worse yet, a liability, and constitutes an unconstitutional "taking" without due process in violation of Plaintiffs' rights protected by the Fifth and Fourteenth Amendments to the U.S. Constitution and article I, sections 1, 7(a), and 19(a) of the California Constitution.

26. As a direct and proximate result of the down-zoning, Plaintiffs' Property will become valueless and, unless Defendants are enjoined from enforcing the restrictions on use which the new zoning entails, Plaintiffs will lose the income which their business generated yet be liable for repayment of debts they have incurred to run their business. Accordingly, Plaintiffs suffered or will suffer injuries entitling them to compensatory damages under 42 U.S.C. § 1983; and declaratory and injunctive relief against Defendants.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

**SECOND CLAIM**

**Denial of Due Process**

**(U.S. Const., Amend. XIV (42 U.S.C. § 1983); Cal. Const., Art. I, §§ 1, 7(a))**

27. This Claim is asserted by Plaintiffs HOFFMAN BROTHERS HARVESTING, INC., PAUL D. HOFFMAN & SONS, RONALD E. HOFFMAN, and CARL R. HOFFMAN against Defendants COUNTY OF SAN JOAQUIN, DAVID KWONG, JUANITA M. HUERTA, and DOE 1 to 10.

28. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 22 and 25 and 26, to the extent relevant, as if fully set forth in this Claim.

29. Before Plaintiffs purchased the Property in 1982, it had been in continuous use for heavy industrial purposes permitted under the "M-2 (Heavy Industial)" zoning applicable to the Property, including for parking of trucks. If, contrary to Plaintiffs' understanding, truck parking under the "M-2 (Heavy Industrial)" zoning required a special use permit, then the use to which they put the Property since purchasing it has been an open non-conforming use. Defendants' imposition of a special use permit requirement for Plaintiffs to continue to operate their business, when the business has either been permitted under existing zoning or a non-conforming use under existing and revised zoning, constitutes a denial of due process, both substantive and procedural, in violation of Plaintiffs' rights protected by the Fourteenth Amendments to the U.S. Constitution and article I, sections 1, 7(a), and 19(a) of the California Constitution.

30. As a direct and proximate result of the restrictions caused by the re-zoning, Plaintiffs' Property will become valueless and, unless Defendants are enjoined from enforcing the restrictions on use which the new zoning entails, Plaintiffs will lose the income which their business generated yet be liable for repayment of debts they have incurred to run their business. Accordingly, Plaintiffs suffered or will suffer injuries entitling them to compensatory damages under 42 U.S.C. § 1983; and declaratory and injunctive relief against Defendants.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

\ \ \

\ \ \

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs HOFFMAN BROTHERS HARVESTING, INC., PAUL D. HOFFMAN & SONS, RONALD E. HOFFMAN, and CARL R. HOFFMAN request Judgment as follows:

1. For an award of compensatory, general, and special damages against Defendants COUNTY OF SAN JOAQUIN, DAVID KWONG, JUANITA M. HUERTA, and DOE 1 to 10, pursuant to 42 U.S.C. § 1983, and according to proof at trial;

2. For an award of equitable relief, including declaratory and preliminary and permanent injunctive relief;

3. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, and any other statute as may be applicable; and

4. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: March 27, 2020

Respectfully Submitted,

By: ______________________________

Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
HOFFMAN BROTHERS HARVESTING, INC., PAUL D. HOFFMAN & SONS, RONALD E. HOFFMAN, and CARL R. HOFFMAN

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs HOFFMAN BROTHERS HARVESTING, INC., PAUL D. HOFFMAN & SONS, RONALD E. HOFFMAN, and CARL R. HOFFMAN.

Dated: March 27, 2020

Respectfully Submitted,

By: ___________________________________

Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
HOFFMAN BROTHERS HARVESTING, INC., PAUL D. HOFFMAN & SONS, RONALD E. HOFFMAN, and CARL R. HOFFMAN