1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                           EASTERN DISTRICT OF CALIFORNIA
10

11   HOFFMAN BROTHERS HARVESTING,            No. 2:20-cv-00660-TLN-AC
     INC., a California corporation; PAUL D.
12   HOFFMAN & SONS, a partnership;
     RONALD E. HOFFMAN; and CARL R.
13   HOFFMAN,                                **ORDER**

14                Plaintiffs,

15         v.

16   COUNTY OF SAN JOAQUIN; DAVID
     KWONG, Director, San Joaquin
17   Community Development Department;
     JUANITA M. HUERTA, Code
18   Enforcement Officer, San Joaquin County
     Code Enforcement; and DOES 1 to 10,
19
                  Defendants.
20

21

22         This matter is before the Court on Defendants' County of San Joaquin ("County"), David

23   Kwong, and Juanita M. Huerta's (collectively, "Defendants") Motion to Dismiss.  (ECF No. 6.)

24   Plaintiffs Hoffman Brothers Harvesting Inc., Paul D. Hoffman & Sons, Ronald E. Hoffman, and

25   Carl R. Hoffman (collectively, "Plaintiffs") oppose Defendants' motion.  (ECF No. 20.)

26   Defendants have filed a reply.  (ECF No. 22.)  For the reasons set forth herein, Defendants'

27   Motion to Dismiss is hereby GRANTED.  (ECF No. 6.)

28   / / /

                                             1

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs bring this action against Defendants for purported violations of their constitutional rights when County "down-zoned" Plaintiffs' property and required them to apply for a land use permit to continue business operations.  (*See* ECF No. 1.)

Plaintiffs purchased real property located at 26577 S. Banta Road in Tracy, California, in 1982.  (*Id*. at 3.)  Since that time, Plaintiffs have openly operated their property as a harvesting and trucking business, which included truck parking on the property.  (*Id*. at 4.)  Plaintiffs further allege that prior to their purchase of the property in 1982, trucks were permitted to park on the property without special land use permits.  (*Id*.)

On September 23, 2019, Plaintiffs allege Defendants issued a "Notice of Violation and Order to Abate" on the basis that Plaintiffs were operating a "trucking company" without a proper land use permit.  (ECF No. 1 at 4; ECF No. 6-2 at 5.)  Plaintiffs allege they were first informed of a zoning change on October 24, 2019, by Code Enforcement Officer Huerta, which is also when they received the "Final Notice and Order to Abate" regarding their trucking operations.  (ECF No. 1 at 4; ECF No. 6-2 at 5.)

Plaintiffs allege their zoning was changed "from 'M-2 (Heavy Industrial)' to 'IW (Warehouse Industrial)'" which required them to get a  "a special use permit" to continue operating their property as it had been used for "at least 40 years."  (ECF No. 1 at 2, 5.)  Plaintiffs do not include any allegations about what they must do in order to get the permit, the requirements of the new zoning, or what they must do to comply with the new zoning requirements.  (*See id*.)  However, Plaintiffs indicate it would cost "more than $2,000,000 to make [] modifications to the [p]roperty" to get the needed permit which is so "expensive" it renders their "[p]roperty totally without any value . . . [and] a huge liability."  (*Id*. at 2, 5.)

Plaintiffs initiated the current action on March 27, 2020.  (ECF No. 1.)  The operative complaint asserts two causes of action pursuant to 42 U.S.C § 1983 ("§ 1983") for: (1) unconstitutional taking in violation of the Fifth and Fourteenth Amendments; and (2) a due process violation of the Fourteenth Amendment.  (*Id*. at 5–6.)

/ / /

2

1    On May 19, 2020, Defendants filed the instant motion to dismiss.  (ECF No. 6.)  Plaintiffs

2    oppose the motion (ECF No. 20), and Defendants replied (ECF No. 22.)  On June 28, 2021,

3    Defendants filed a notice of new supreme court authority relevant to their motion, which the

4    Court has reviewed.  (ECF No. 23.)

5    **II.    STANDARD OF LAW**

6    A.    Federal Rule of Civil Procedure 12(b)(1)

7    A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims

8    alleged in the complaint.  Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court

9    determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

10   action."); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (holding the court may

11   determine jurisdiction on a Rule 12(b)(1) motion unless "the jurisdictional issue is inextricable

12   from the merits of a case") (internal citations omitted).

13   A Rule 12(b)(1) motion attacking subject matter jurisdiction may be either facial or

14   factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  When the motion is a facial attack,

15   the court only considers the allegations in the complaint and any documents attached to the

16   complaint or referred to in the complaint.  *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3rd

17   Cir. 2000).  The court accepts all the material factual allegations in plaintiff's complaint as true.

18   *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  "[J]urisdiction must be

19   shown affirmatively, and that showing cannot be made by drawing from the pleadings inferences

20   favorable to the party asserting it."  *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129,

21   131 (2nd Cir. 1998) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).

22   When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction "in fact,"

23   no presumption of truthfulness attaches to the plaintiff's allegations.  *Thornhill Pub. Co., Inc. v.

24   Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  Rather, "the district court is not

25   restricted to the face of the pleadings, but may review any evidence, such as affidavits and

26   testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v.

27   United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "Once challenged, the party asserting subject

28   matter jurisdiction has the burden of proving its existence."  *Robinson*, 586 F.3d at 685 (quoting

3

1   *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

2               B.      12(b)(6)

3           A motion to dismiss for failure to state a claim upon which relief can be granted under

4   Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

5   Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim

6   showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79

7   (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice

8   of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S.

9   544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on

10  liberal discovery rules and summary judgment motions to define disputed facts and issues and to

11  dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

12          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

13  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

14  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

15  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

16  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

17  relief."  *Twombly*, 550 U.S. at 570.

18          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

19  factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

20  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

21  unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Thus, a

22  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

24  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25  statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove

26  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

27  been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

28  U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible [,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III.    JUDICIAL NOTICE

As a preliminary matter, Defendants request the Court to take judicial notice of Exhibits 1, 2, and 3. (ECF No. 6-2.) Judicial notice allows a court to consider an adjudicative fact "if it is not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). On a motion to dismiss a court may take judicial notice of documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court may take judicial notice of a record of a state agency not subject to reasonable dispute for

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

purposes of a motion to dismiss.  *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Exhibit 1 is the September 23, 2019 Notice and Order to Abate.  Exhibit 2 is the October 24, 2019 Final Notice and Order to Abate.  Exhibit 3 is selected sections of the San Joaquin County Development Title.  Plaintiffs do not oppose Defendants' request and do not dispute the authenticity of any of the exhibits.

As to Exhibits 1 and 2, both exhibits were sent by Defendants, a government agency, to Plaintiffs.  (Ex. 1, ECF No. 6-2 at 5, 7.)   Correspondence between government agencies and members of the public has been found to be appropriate for judicial notice when unopposed. *Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F. Supp. 1060, 1066 (C.D. Cal.), *on reconsideration*, 781 F. Supp. 650 (C.D. Cal. 1991) (taking judicial notice of two letters written by a governmental agency when the plaintiff did not oppose the request).  Moreover, the request to notice these Exhibits is unopposed and the Complaint explicitly references both notices.  (*See generally* ECF No. 1.)  The Court finds Exhibits 1 and 2 appropriate for judicial notice and Defendants' request as to these exhibits is GRANTED.

Exhibit 3 is comprised of "Selected Sections of the San Joaquin County Development Title."  (Ex. 3, ECF No. 6-2 at 8–27.)  The Development Title is a state agency record that is a proper subject of judicial notice because its authenticity can be accurately and readily determined from sources whose accuracy cannot be reasonably disputed.  Accordingly, Defendants' request to judicially notice Exhibit 3 which includes section of the County's Development Title is hereby GRANTED.

## IV.   ANALYSIS

Plaintiffs allege claims for an unconstitutional taking of their property and violations of substantive and procedural due process.  (*See* ECF No. 1.)  Defendants move to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction under Rule 12(b)(1) and, in the alternative, for failure to state a claim upon which relief may be granted under Rule 12(b)(6). (*See* ECF No. 6-1.)  As the Court finds it lacks subject matter jurisdiction over each claim under

1    Rule 12(b)(1), it does not reach the parties' arguments under 12(b)(6).  The Court will evaluate

2    the parties' arguments as to each claim.

3                      A.       Unconstitutional Taking (Claim One)

4         Plaintiffs assert an unconstitutional takings claim under the Fifth and Fourteenth

5    Amendments to the U.S. Constitution and Article I, Sections 1, 7(a), and 19(a) of the California

6    Constitution.  (ECF No. 1 at 5.)  Defendants move to dismiss this claim as unripe because

7    Plaintiffs have not alleged facts showing that there has been a "final administrative decision"

8    concerning their property as required under Supreme Court precedent.  (ECF No. 6-1 at 8.);

9    *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City (Williamson County)*,

10   473 U.S. 172, 186 (1985).  More specifically, Defendants argue agency decisionmakers have had

11   no opportunity to evaluate Plaintiffs' claim or application, and therefore the finality requirement

12   from *Williamson County* cannot be met.  (*Id.* at 10.)

13        In opposition, Plaintiffs do not dispute that they have not exhausted their state remedies

14   but instead argue that under *Knick v. Township of Scott*, a recent Supreme Court case overruling

15   parts of *Williamson County* they may proceed directly to federal court without having to first

16   exhaust potentially available state remedies. (ECF No. 20 at 3. (citing *Knick*, 139 S. Ct. 2162,

17   2170 (2019).)  Therefore, Plaintiffs contend there is no need to seek any further application or

18   decision from Defendants because as soon as their property was "down-zoned" and the pre-

19   existing use "was made illegal, [P]laintiffs suffered a taking . . . in violation of the Fifth

20   Amendment," and the case is currently ripe.  (*Id.*)

21        To assert a takings claim, a "plaintiff must affirmatively establish that it has been denied

22   just compensation" as only takings without just compensation are prohibited by the Takings

23   Clause.  *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008) (citing

24   *Williamson County*, 473 U.S. at 195).  A regulatory taking occurs when a government regulation

25   on the use of property "goes too far."  *Penn. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922).

26        The Supreme Court articulated two independent ripeness requirements for regulatory

27   takings claims: first, that the government entity charged with implementing the regulations reach

28   a final decision regarding the application of the regulations to the property; and second, that the

7

1    plaintiff seek compensation through procedures provided by the State *before* bringing his claim to

2    federal court.  *Williamson County*, 473 U.S. at 186, 194.  In *Knick v. Township of Scott*, the

3    Supreme Court eliminated the second requirement but left the "final decision" requirement intact.

4    *Knick*, 139 S. Ct. at 2169–70.  A final decision is made when the applicable decisionmakers have

5    had an opportunity to exercise their high degree of discretion regarding a takings of plaintiff's

6    particular property.  *See Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 738 (1997).  Prior to

7    bringing a regulatory takings claim, a plaintiff must make *at least one* "meaningful" request and

8    be denied a variance or other action providing similar relief from the challenged regulation.  *S.*

9    *Pac. Transp. C. v. City of Los Angeles*, 922 F.2d 498, 503 (9th Cir. 1990).

10          The Supreme Court recently clarified the administrative finality prong of *Williamson*

11   *County* when it vacated and remanded the Ninth Circuit's decision in *Pakdel v. City and County*

12   *of San Francisco, California*, 141 S. Ct. 2226 (2021); 977 F.3d 928 (9th Cir. 2020).  The

13   Supreme Court rejected the Ninth Circuit's requirement to seek "an exemption through prescribed

14   [state] procedures" because the plaintiffs had in fact requested exemptions from regulations and

15   been denied.  *Pakdel*, 141 S. Ct. at 2230.  The Court held that administrative exhaustion of state

16   remedies is not a prerequisite for a takings claim "when the government has reached a conclusive

17   position."  *Id*.  However, the Court further explained its position reasoning "a plaintiff's failure to

18   properly pursue administrative procedures may render a claim unripe *if* avenues still remain for

19   the government to clarify or change its decision."  *Id*. at 2231.

20          Defendants maintain the zoning change alone is not a final administrative decision for

21   purposes of ripeness even if it renders Plaintiffs' existing operations as nonconforming because

22   Plaintiffs must submit at least one "meaningful application" or request for relief from the

23   requirements of the new zoning before coming into a federal forum.  (ECF No. 22 at 3–4.)

24          Plaintiffs' Complaint includes no allegations that they sought variances or exemptions

25   from the "down-zoning" or "special use permit."  (*See* ECF No. 1.)  Plaintiffs simply assert in

26   their opposition that there are no "avenue[s] to appeal or challenge . . . [the] down-zoning or order

27   to close their business."  (ECF No. 20 at 2.)  Defendants maintain there are several avenues for

28   Plaintiffs to continue their trucking operations as they had before the "down-zoning," such as

1   applying for a site approval, seeking a variance for relief from zoning standards, or applying for

2   nonconforming use.  (ECF No. 6-1 at 9, ECF No. 6-2 at 8–27.)  Plaintiffs failed to allege the

3   "down-zoning" was final nor did Plaintiffs allege that they requested any alternative relief and

4   received a final administrative decision.  (ECF No. 20 at 2–3; *see* ECF No. 1.); 473 U.S. at 186–

5   90.  Plaintiffs' failure to include any allegations of requesting an exemption or any kind of relief

6   from the new zoning requirements does not satisfy the finality requirement of *Williamson*.  473

7   U.S. at 191.[1]  Accordingly, they have not sufficiently alleged a takings claim and Defendants'

8   motion to dismiss on this basis is GRANTED.

9              B.     Due Process Violation (Claim Two)

10                    i.     *Substantive Due Process*

11          Defendants argue that the substantive due process claim fails as unripe because Plaintiffs

12   failed to make at least one meaningful application for some type of variance for applicable land

13   uses under their new zoning requirement.  (ECF No. 6-1 at 10–11.)  In opposition, Plaintiffs argue

14   they cannot now challenge the down-zoning because they have lost their right to appeal the

15   decision.  (ECF No. 20 at 3–4.)  Consequently, Plaintiffs argue the due process claim is ripe

16   because the "down-zoning" decision is final and the "long-standing use of the property is

17   prohibited."  (*Id.*)

18          The Court agrees with Defendants.  In *Kinzli*, the Ninth Circuit held that a substantive due

19   process claim was unripe when "the City ha[d] not yet made a final decision regarding the

20   property."   *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1456 (9th Cir.), *amended*, 830 F.2d 968

21   (9th Cir. 1987).  The Court found that the plaintiffs needed to "first obtain a final decision

22   regarding the application of regulations to their property and the availability of variances," and

23

24   ────────────────

25   [1]     To the extent Plaintiffs argue that their inability to appeal satisfies the finality
     requirement, this argument is unpersuasive. Plaintiffs were provided with the opportunity to
26   appeal the Notice of Violation and Order to Abate within thirty days.  (ECF No. 6-2 at 5.)
     Plaintiffs have not alleged that they appealed this Notice or were unable to appeal.  They now
27   state that they have "lost their right to appeal," and even appear to mislead the Court in stating
     that they did not have "any avenue to appeal."  However, a party cannot miss a deadline and use
28   the now unavailable appeal process as the basis for the finality requirement.

9

the "absence of a meaningful application" rendered their substantive due process claim unripe for review and the claim was dismissed for lack of jurisdiction.  *Id.* at 1456–57.

The Court finds Plaintiffs' substantive due process claim unripe for the same reason Plaintiffs' takings claim is unripe.  Plaintiffs have failed to include any allegation that they requested and were denied an exemption or variance from the contested land use regulation. Further, Plaintiffs' argument that they have "lost the right of appeal" regarding the down-zoning is unavailing because there are still avenues remaining "for the government to clarify or change its decision."  (ECF No. 20 at 4.); *Pakdel*, 141 S. Ct. at 2231.   Accordingly, this Court finds Plaintiffs failed to sufficiently allege that their substantive due process claim is ripe for review.

*ii.*        *Procedural Due Process*

Defendants argue Plaintiffs' procedural due process claim fails because there are available state law remedies, and since Plaintiffs have admittedly made no attempt to explore state remedies there cannot be a violation of procedural due process "and thus cannot invoke this Court's jurisdiction."  (ECF No. 6-1 at 11–12.)

Plaintiffs argue in their opposition that their property "was down-zoned without notice" and "there is no procedure by which the down-zoning may now be challenged."  (ECF No. 20 at 3–4.)  Thus, Plaintiffs assert that there are no adequate state law remedies because their business has been declared illegal and they have been ordered to terminate their operations due to the new zoning.  (*Id*. at 4.)

"The requirements of procedural due process apply only to [government] deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  For a procedural due process claim to be ripe in land use contexts, it must be "clear that a distinct deprivation of a constitutionally protected interest in liberty or property has occurred" thus invoking federal jurisdiction to decide if the "deprived party received the process to which it was due."  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 984 (9th Cir. 2011).

/ / /

Plaintiffs do not allege that as a result of Defendants actions they have ceased their trucking operations. (*See* ECF No. 1.) Plaintiffs contend that requiring a "special use permit" — which was not previously required — in itself constitutes a denial of due process. Plaintiffs do not allege anything to support their contention that the "special use permit" deprived them of a property interest or liberty interest. (*Id*. at 6.) Threadbare, conclusory statements are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

Additionally, the Complaint makes no allegation the County has brought any sort of enforcement action in court to enforce the zoning regulations. (ECF No. 6-2 at 4–7.) Plaintiffs have not alleged any attempt to receive a final administrative decision regarding allowable land uses on their property. The lack of finality regarding how the regulation at issue will be applied to Plaintiffs' property and whether the zoning change will actually affect their trucking operations prevents the Court from knowing if the regulations will result in a "distinct deprivation of a constitutionally protected interest." *Guatay*, 670 F.3d at 984.

Plaintiffs have not alleged they received a final determination from the County regarding allowable land uses on their property or any enforcement action by the County, either of which could demonstrate that a "distinct deprivation of a constitutionally protected interest" has occurred. *Guatay*, 670 F.3d at 984. Therefore, the Court finds Plaintiffs have not made sufficient allegations to find their procedural due process claim ripe for review. Accordingly, Defendants' Motion on this basis is GRANTED. The Court will provide Plaintiffs with an opportunity to amend their complaint.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss as to Claims One and Two are hereby GRANTED with leave to amend. The Court ORDERS Plaintiffs to file their amended complaint not later than thirty (30) days from the electronic filing of this Order. Defendants shall file a responsive pleading no later than twenty-one (21) days after the filing of Plaintiffs' amended complaint.

///

///

11

IT IS SO ORDERED.

Dated:  September 23, 2021

Troy L. Nunley
United States District Judge